UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-02738-AH-(Ex) | Date May 27, 2025 |
| Title *Angel Bazan v. Sedgwick Claims Management Services Inc. et al.* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 17)

Before the Court is Plaintiff Angel Bazan's ("Plaintiff") Motion to Remand. Defendant Sedgwick Claims Management Services, Inc. ("Defendant") opposes. Opp'n, Dkt. No. 19. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

**I.    BACKGROUND**

On approximately March 1, 2019, Plaintiff was hired by Walmart as a full-time non-exempt Stocker. Compl. ¶ 52, Dkt. No. 1-2. Plaintiff suffers from bipolar disorder, necessitating reasonable accommodations, including but not limited to the ability to take time off work and medical leave to seek treatment for his disabilities. *Id.* Plaintiff alleges that on March 5, 2022, Walmart manager Jorge Lopez terminated him for absences resulting from his mental disorder. *Id.* ¶¶ 55, 61. Plaintiff alleges that Defendant served as Walmart's third-party administrator, responsible for managing its workers' compensation, as well as short-term and long-term disability claims. *Id.* ¶ 51. Upon his termination, Plaintiff was told his termination would be rescinded if he resubmitted his claim

for medical leave through Defendant within thirty days. *Id.* ¶ 61. On approximately March 22, 2022, Plaintiff attempted to submit to Defendant a medical note placing him on medical leave from January 22, 2022 through April 1, 2022. *Id.* ¶ 62. However, Defendant rejected the document, stating that Plaintiff's claim had been closed due to his termination. *Id.* Plaintiff alleges that by rejecting Plaintiff's paperwork, Defendant, on Walmart's behalf, effectively confirmed Plaintiff's wrongful termination while, at the same time, deciding on behalf of Walmart that Plaintiff would not be reinstated and/or re-hired. *Id.* ¶ 63.

Thereafter, on March 28, 2025, Plaintiff filed his complaint against Defendant in the Los Angeles County Superior Court.[1] *See generally id.* Plaintiff alleges eight causes of action, including: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to take all steps to prevent discrimination and/or retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in a good faith interactive process in violation of FEHA; (6) violation of the California Family Rights Act; (7) aiding and abetting in violation of FEHA; and (8) failure to re-hire based on disability and/or engagement in protected activities in violation of FEHA. *See generally id.*

Defendant removed the case to federal court on March 28, 2025, asserting diversity jurisdiction. Notice of Removal, Dkt. No. 1. Plaintiff now has filed this Motion to Remand. Mot. to Remand, Dkt. No. 17.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction." *Bengtsson v. Caris MPI, Inc.*, 2022 WL 2764367, at *2 (C.D. Cal. July 13, 2022) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d

---

[1] Plaintiff has separately filed suit against Walmart in a related case. *See Bazan v. Wal-Mart Associates, Inc. et al.*, 2:24-cv-04748-AH-E (June 4, 2024).

1102, 1106–07 (9th Cir. 2010)). "When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties." *Id.* (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

"A corporation is a citizen of the state in which it is incorporated and the one in which its principal place of business is located." *Malamed v. First W. Cap. Mgmt. Co.*, 2017 WL 1393023, at *2 (C.D. Cal. Feb. 24, 2017) (citing 28 U.S.C. § 1332(c)). Its "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is known as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (cleaned up).

"In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer resides and maintains his or her office, where the other officers reside, where the corporation's high level decisions are made, and where the corporation's finance and accounting functions are performed." *Peich v. Flatiron W., Inc.*, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (internal quotation marks and citations omitted).

## III.   DISCUSSION

The Parties are in agreement that Plaintiff is a resident of California and that Defendant's place of incorporation is Illinois. There is also no disagreement as to the amount in controversy. The issue in this Motion is where Defendant's principal place of business is located.

### A.   Evidentiary Objections

Before considering the merits of the Motion, the Court will first consider evidentiary objections Plaintiff has made to the Declarations submitted by Defendant in support of its Notice of Removal. *See generally* Objs., Dkt. No. 17-2. Specifically, Plaintiff objects to Exhibit B of the Leticia Stevens ("Stevens")

Declaration and Paragraph 3 of the Paul Jenkins ("Jenkins") Declaration[2]. *See generally id.*[3]

### 1. Evidentiary Objections to the Stevens Declaration Are Overruled

Plaintiff objects to Exhibit B of the Stevens Declaration, which is Defendant's Statement of Information filed with the California Secretary of State and found on the California Secretary of State's website, on the grounds that it: (1) is inadmissible hearsay; (2) lacks foundation; and (3) is also not properly authenticated. *Id.* at 2–4.

The Court finds that the document is sufficiently authenticated and does not lack foundation. Plaintiff's principal argument is that it is not a certified or official document from a Secretary of State. *See* Mot. to Remand at 5. However, Exhibit B is a Statement of Information that Defendant filed with the California Secretary of State and is available on the Secretary of State's website, which Stevens declares under penalty of perjury she obtained from that website by using the Business Search resource. Stevens Decl. ¶ 7, Dkt. No. 1-1. The Court finds this to be sufficient for purposes of considering this Motion.

Moreover, even if this document is hearsay, the Court will consider it here because its contents could be submitted in an admissible form. *See Modiano v. BMW of N. Am. LLC*, 2021 WL 973566, at *2 (S.D. Cal. Mar. 16, 2021) (overruling a hearsay objection on a Statement of Information filed with the California Secretary of State because its contents could be submitted in an

---

[2] Defendant erroneously calls the Jenkins Declaration the Doug Foster Declaration in the Notice of Removal. Notice of Removal ¶ 16. Defendant has filed a Notice of Errata clarifying that this was an error and that it meant Jenkins Declaration. Notice of Errata, Dkt. No. 15. Regardless, the Jenkins Declaration was attached to the Notice of Removal but was misidentified. The Court disagrees that the "Court is left to haphazardly assume that the declaration of Paul Jenkins is the relevant declaration." Mot. to Remand at 5.

[3] The Court notes that Defendant has not filed an opposition to these objections. Instead, Defendant seeks judicial notice of Exhibit B of the Stevens Declaration. Because the Court finds the document to be authenticated and otherwise admissible for purposes of consideration of this Motion, the Court does not separately reach Defendant's request for judicial notice.

admissible form at trial); *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (stating that, at summary judgment, "a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial").

For these reasons, the Court overrules Plaintiff's objections to the Stevens Declaration and will consider the Declaration in its entirety in ruling on this Motion.

### 2. Evidentiary Objections to the Jenkins Declaration Are Overruled

Plaintiff also objects to Paragraph 3 of the Jenkins Declaration on the grounds that it: (1) is inadmissible hearsay; (2) lacks foundation; and (3) is conclusory, speculative, or conjecture. Objs. at 4–6.

The Court disagrees that Paragraph 3 of the Jenkins Declaration lacks foundation, or is conclusory, speculative, or conjecture. Jenkins states, under penalty of perjury, that the statements in the Declaration are based on personal knowledge that he has had as Vice President, Senior Corporate Counsel for Defendant. Jenkins Decl. ¶ 1, Dkt. No. 1-4. This provides adequate foundation for the statements. *See* Fed. R. Evid. 602. The Court finds that where Defendant is organized, incorporated, and where its principal place of business is located are the types of information that would reasonably be known to Defendant's Vice President. *See Bengtsson*, 2022 WL 2764367, at *4 (collecting cases).

With regards to the hearsay objection, the Court finds that the statements in Paragraph 3 are not hearsay. Jenkins is not recounting out-of-court statements to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *see also Bengtsson*, 2022 WL 2764367, at *3.

For these reasons, the Court overrules Plaintiff's objections to the Jenkins Declaration and will consider the Declaration in its entirety in ruling on this Motion.[4]

---

[4] To the extent Plaintiff has filed additional evidence in conjunction with his Reply brief, *see generally* Dkt. No. 21, the Court declines to consider new evidence submitted in a reply brief. *See FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F.Supp.3d 1063, 1079 (C.D. Cal. 2015).

### B. Defendant Has Established That Its Principal Place of Business Is in Tennessee

Plaintiff argues that Defendant has failed to set forth admissible evidence to establish that it is not domiciled in California. Mot. to Remand at 4. Plaintiff further argues that Defendant has failed to establish that its nerve center is not California because it supposedly relies on a single document from the California Secretary of State and has failed to offer any other evidence of where its nerve center is. *Id.* at 7. This argument appears to rely on a misguided assertion that misidentifying a Declaration attached to the Notice of Removal should result in the Court completely ignoring the Declaration.

Defendant is incorporated and organized under the laws of the State of Illinois. Jenkins Decl. ¶ 3. However, the Court must also determine the state in which Defendant has its principal place of business to determine if the Court has subject matter jurisdiction. "California district courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the *Hertz* 'nerve center.'" *Bengtsson*, 2022 WL 2764367, at *4 (collecting cases).

However, here, Defendant sets forth a variety of facts in both a corporate form and in a declaration that establish that its principal place of business is in Memphis, Tennessee. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F.Supp.2d 932, 940 (C.D. Cal. 2011). Jenkins identifies in his Declaration that:

> Sedgwick is a corporation organized under the laws of the State of Illinois and its principal place of business is in Memphis, Tennessee. Sedgwick performs the vast majority of its executive and administrative functions at its corporate headquarters at this location, and this location is where its high-level officers and executives direct, control, and coordinate Sedgwick's business activities. The vast majority of Sedgwick's executive offices and support services including Human Resources, the Legal Department, and administrative offices necessary for the direction and control of day-to-day business operations, are also located at Sedgwick's corporate headquarters in Memphis, Tennessee.

Jenkins Decl. ¶ 3. Moreover, Defendant's Statement of Information filed with the California Secretary of State notes that the address of the Chief Executive Officer, Secretary, Chief Financial Officer, and the four members of the Board of Directors,

as well as Defendant's Principal Address, are all in Memphis, Tennessee.[5] Stevens Decl. Ex. B, Dkt. No. 1-3.

Accordingly, the Court disagrees with Plaintiff's assertion that Defendant only relies on a single document in support of its contention that Defendant's nerve center is located in Memphis, Tennessee. The Court also disagrees with Plaintiff's position in the Reply that Defendant has not put forth sufficient evidence to prove the location of its headquarters or its nerve center. Reply at 4, Dkt. No. 20. The Jenkins Declaration, combined with Defendant's Statement of Information, sufficiently allege that Defendant's nerve center is in Memphis Tennessee, as this is "where [Defendant's]…officers direct, control, and coordinate the corporation's activities [and]...where [Defendant] maintains its headquarters[.]" *Hertz*, 559 U.S. at 93.

Accordingly, the Court finds that Defendant's principal place of business is in Memphis, Tennessee.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.[6]

**IT IS SO ORDERED.**

---

[5] The evidence submitted by Plaintiff, regarding Defendant's offices and third-party administrators, does not demonstrate that Defendant has not met its burden. *See* Mot. to Remand Exs. 2, 3.

[6] The Court declines to address the Parties remaining arguments in light of the ruling herein.